UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD DEAN MERTEN,

                Plaintiff,

v.

OFFICER GARDNER,

                Defendant.

CASE NO. C14-5864 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

       This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 15), and Plaintiff Richard Merten's ("Merten") objections to the R&R (Dkts. 16, 17, 18).

       On December 15, 2014, Merten filed a 42 U.S.C. § 1983 suit against Defendant Officer Gardner ("Officer Gardner"). Dkt. 11. Merten alleges that Officer Gardner failed to protect him from being sexually assaulted by another inmate. *Id.* at 3.

       On December 30, 2014, Judge Creatura issued the R&R recommending that the Court dismiss Merten's complaint without prejudice because Merten has not exhausted his administrative remedies. Dkt. 15. On January 12 and 14, 2015, Merten filed

ORDER - 1

1  objections. Dkts. 16, 17. On February 9, 2015, Merten filed additional objections and

2  new evidence. Dkts. 18, 19. Officer Gardner did not respond.

3        Federal Rule of Civil Procedure 72(b) governs objections to a magistrate judge's

4  recommended disposition. Rule 72(b) provides as follows:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

      Merten objects to the R&R, arguing that Judge Creatura erroneously concluded that he failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Dkt. 16 at 2. Merten argues that he does not need to exhaust administrative remedies because he seeks monetary damages, he has left the prison, and his claims were "otherwise investigated" by Pierce County detectives. Dkts. 16, 17, 18. Merten also contends that the Court has discretion to permit his case to go forward. Dkt. 16 at 2.

      Merten's objections are without merit. First, Merten must exhaust administrative remedies even if he seeks monetary damages.[1] *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("[Under the PLRA], a prisoner must now exhaust administrative remedies even where the relief sought—monetary damages—cannot be granted by the administrative process."). Additionally, Merten filed this action while he was incarcerated and thus the

---

[1] In his complaint, Merten states only that he seeks "[r]elief for my pain and suffering and remov[al] [of] Gardner from his official position." Dkt. 11 at 4.

1  PRLA's exhaustion requirement applies to him. *See* 42 U.S.C. § 1997e(h). Finally,
2  Merten concedes that he did not complete the required grievance procedure. Dkt. 16 at 1.
3  Proper exhaustion of administrative remedies is mandatory under the PLRA, and the
4  Court has no discretion to waive the requirement. *Woodford*, 548 U.S. at 85.
5        Therefore, the Court having considered the R&R, Merten's objections, and the
6  remaining record, does hereby find and order as follows:
7      (1)    The R&R is **ADOPTED**; and
8      (2)    This action is **DISMISSED without prejudice**.
9  Dated this 24th day of February, 2015.

BENJAMIN H. SETTLE
United States District Judge